IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL NUCKOLLS, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:24-cv-1253 |
| PROCOLLECT, INC., | § § | |
| *Defendant*. | § § | |

## DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to *Plaintiff's Complaint* (the "Complaint") filed by Plaintiff Michael Nuckolls ("Plaintiff" or "Nuckolls").

### A. ADMISSIONS & DENIALS

Pursuant to Rule 8(b), ProCollect makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

PRELIMINARY STATEMENT

1. ProCollect does not contest that Plaintiff filed suit against the parties pursuant to the FCRA and FDCPA as alleged in Paragraph 1, but ProCollect denies all liability and denies that Plaintiff is entitled to any relief as a result of any actions or omissions of ProCollect.

2. Paragraph 2 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 2 does contain any factual statements, ProCollect denies same.

3. Paragraph 3 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 3 does contain any factual statements, ProCollect denies same.

4. Paragraph 4 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 4 does contain any factual statements, ProCollect denies same.

5. Paragraph 5 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 5 does contain any factual statements, ProCollect denies same.

6. Paragraph 6 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 6 does contain any factual statements, ProCollect denies same.

7. ProCollect denies the allegations in Paragraph 7.

8. ProCollect denies the allegations in Paragraph 8.

9. Paragraph 9 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 9 does contain any factual statements, ProCollect denies same.

10. Paragraph 10 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 10 does contain any factual statements, ProCollect denies same.

11. Without more specific information, as well as information relevant to Plaitniff's claims, ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 11, and therefore denies same.

12. ProCollect admits that it has been the subject of lawsuits, but denies any relevance to Plaintiff's claims and denies any factual averments, if any related to Plaintiff's claim, contained in Paragraph 12. To the extent that Paragraph 12 does contain any factual statements, ProCollect denies same.

13. ProCollect admits that it has been the subject of CFPB Complaints, but denies any relevance to Plaintiff's claims and denies any factual averments, if any related to Plaintiff's claim, contained in Paragraph 13.

14. ProCollect admits that it has been the subject of BBB Complaints, but denies any relevance to Plaintiff's claims and denies any factual averments, if any related to Plaintiff's claim, contained in Paragraph 14.

15. ProCollect admits that it has been the subject of BBB Complaints, but denies any relevance to Plaintiff's claims and denies any factual averments, if any related to Plaintiff's claim, contained in Paragraph 15.

16. Paragraph 16 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 16 does contain any factual statements, ProCollect denies same.

## JURISDICTION AND VENUE

17. ProCollect does not contest jurisdiction as alleged in Paragraph 17.

18. ProCollect does not contest venue as alleged in Paragraph 18.

19. ProCollect admits collection activities on the subject account, but denies all remaining allegations in Paragraph 19..

20. ProCollect admits the allegations in Paragraph 20.

21. ProCollect admits the allegations in Paragraph 21.

## PARTIES

22. ProCollect admits that Plaintiff is an adult individual, but lacks sufficient information to know the truth about the remaining allegations contained in Paragraph 22, therefore ProCollect denies same.

23. Defendant lacks sufficient information to know whether Plaintiff is a consumer as defined by the FCRA and FDCPA.

24. ProCollect admits the allegations in Paragraph 24.

25. ProCollect admits the allegations in Paragraph 25.

26. ProCollect admits the allegations in Paragraph 26.

## FACTUAL ALLEGATIONS

27. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 27, and therefore denies same.

28. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 28, and therefore denies same.

29. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 29, and therefore denies same.

30. ProCollect admits furnishing data on the subject account to the consumer reporting agencies in the amount and date alleged, but denies all other allegations in Paragraph 30.

31. ProCollect admits that it has furnished information on the subject account, and that the responsible party is Michael Nuckolls but denies all other allegations in Paragraph 31.

32. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 32, and therefore denies same.

33. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 33, and therefore denies same.

34. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 34, and therefore denies same.

35. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 35, and therefore denies same.

36. ProCollect admits that it has furnished data on the account but the averment in Paragraph 36 fails to provide sufficient information for ProCollect to admit or deny the allegations in Paragraph 36.

37. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 37, and therefore denies same.

38. ProCollect denies the allegations contained in Paragraph 38.

39. ProCollect denies that each item listed was provided with the disputes as alleged in Paragraph 39, but admits that certain items were include with certain disputes.

40. ProCollect denies that Plaintiff provided objectively and readily verifiable information that would show the subject debt resulted from ID Theft as alleged in Paragraph 40.

41. ProCollect admits that after a reasonable it verified the subject account in response to ACDVs but denies the remaining allegations in Paragraph 41.

42. ProCollect admits that it acts through its employees, but without more specificity in the averment, denies the remaining allegations in Paragraph 42.

43.    ProCollect denies the allegations in Paragraph 43, particularly as ProCollect included Plaintiff's dispute in all relevant data uploads to the consumer reporting agencies.

## COUNT ONE – VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681s-2(b)(1)(A)

44.    ProCollect re-alleges and incorporates by reference each of its responses to the proceeding paragraphs as though fully set forth herein.

45.    ProCollect denies the allegations in Paragraph 45.

46.    ProCollect admits the allegations in Paragraph 46.

47.    ProCollect denies the allegations in Paragraph 47.

48.    ProCollect denies the allegations in Paragraph 48.

49.    ProCollect denies the allegations in Paragraph 49.

50.    ProCollect denies the allegations in Paragraph 50.

51.    ProCollect denies the allegations in Paragraph 51.

52.    ProCollect denies the allegations in Paragraph 52, but admits such analysis was not fruitful as the leasing file signatures were electronic.

53.    ProCollect denies the allegations in Paragraph 53.

54.    ProCollect denies the allegations in Paragraph 54.

55.    ProCollect denies the allegations in Paragraph 55.

56.    ProCollect denies the allegations in Paragraph 56.

57.    ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 57, and therefore denies same.

58.    ProCollect denies the allegations in Paragraph 58.

59.    ProCollect denies the allegations in Paragraph 59.

### COUNT TWO – VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681S-2(B)(1)(B)

60. ProCollect re-alleges and incorporates by reference each of its responses to the proceeding paragraphs as though fully set forth herein.

61. Paragraph 61 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 61 does contain any factual statements, ProCollect denies same.

62. ProCollect denies the allegations in Paragraph 62.

63. ProCollect denies the allegations in Paragraph 63.

64. ProCollect denies the allegations in Paragraph 64.

65. ProCollect denies the allegations in Paragraph 65.

66. ProCollect denies the allegations in Paragraph 66.

67. ProCollect denies the allegations in Paragraph 67.

68. ProCollect denies the allegations in Paragraph 68.

### COUNT THREE – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681S-2(B)(C-E)

69. ProCollect re-alleges and incorporates by reference each of its responses to the proceeding paragraphs as though fully set forth herein.

70. Paragraph 70 contains only legal argument, and not any factual averments about Plaintiff's claim for ProCollect to admit or deny. To the extent that Paragraph 70 does contain any factual statements, ProCollect denies same.

71. ProCollect denies the allegations in Paragraph 71.

72. ProCollect admits the allegations in Paragraph 72.

73. ProCollect denies the allegations in Paragraph 73.

74. ProCollect denies the allegations in Paragraph 74.

75. ProCollect denies the allegations in Paragraph 75.

76. ProCollect denies the allegations in Paragraph 76.

## COUNT FOUR – VIOLATIONS OF THE FDCPA
## 15 U.S.C. §§ 1691 E AND F

77. Defendant admits that Plaintiff is a natural person, but denies that Plaintiff is a consumer as defined by 15 U.S. C. § 1692a(3) as alleged in Paragraph 77.

78. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 78, and therefore denies same.

79. ProCollect admits the allegations in Paragraph 79.

80. ProCollect denies the allegations in Paragraph 80.

81. ProCollect denies the allegations in Paragraph 81.

82. ProCollect admits that after a reasonable it verified the subject account in response to ACDVs but denies the remaining allegations in Paragraph 82.

83. ProCollect denies the allegations in Paragraph 83.

84. ProCollect denies the allegations in Paragraph 84.

85. ProCollect denies the allegations in Paragraph 85.

86. ProCollect denies the allegations in Paragraph 86.

87. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 87, and therefore denies same.

88. ProCollect lacks sufficient information to know the truth about the allegations contained in Paragraph 88, and therefore denies same.

89. ProCollect denies the allegations in Paragraph 89.

90. ProCollect denies the allegations in Paragraph 90.

**JURY DEMAND**

91.     Paragraph 91 is a demand for jury trial without any factual averment(s) to admit or deny.

**PLAINTIFF'S PRAYER**

ProCollect denies that Plaintiff is entitled to any requests for relief as provided in the prayer and all subsections thereof with respect to ProCollect, Inc.

B.  **AFFIRMATIVE DEFENSES**

AD1.    At all relevant times, Defendant maintained and followed reasonable procedures to avoid violations of the FCRA and perform reasonable investigations pursuant to FCRA § 1681s-2(b).

AD2.    Defendant, in compliance with the FCRA, reasonably investigated each of Plaintiff's disputes regarding the alleged subject debt and verified and updated its data furnishing accordingly, including designating the Original Creditor's Account as disputed by Plaintiff.

AD3.    Plaintiff's claims against Defendant are barred in whole or in part, by the fact that Plaintiff cannot establish that the account being reported is inaccurate, incomplete, or materially misleading.

AD4.    Defendant maintains that it properly and timely changed the information furnished related to the alleged subject debt to the consumer reporting agencies as disputed; performed a reasonable investigation on each of Plaintiff's disputes; and Defendant has not acted with negligence, malice, actual malice, or willful intent to injure or failure to follow the obligations of the FCRA in performing reasonable investigations of Plaintiff's disputes, particularly when the documentation available from the Original Creditor supports the alleged debt (Lease Application including income verification documents), the Original Creditor verified

the debt during the investigation process, and Plaintiff failed to provide objectively and readily verifiable information and documentation to refute the Original Creditor's information and documentation.

AD5. Plaintiff's claims against Defendant are barred in whole or in part, by the fact that the information furnished by Defendant is accurate in amount, and/or any alleged inaccuracy is not material, or if material, due to including Plaintiff's dispute with the information furnished, would have an immaterial effect on Plaintiff's credit or credit score as a disputed account.

AD6. Plaintiff's claims against Defendant are barred or not actionable because Plaintiff's dispute (a) was not objectively and readily verifiable based on the information and documents provided by Plaintiff, and/or (b) involved a legal dispute or affirmative defense, such as whether the Plaintiff provided consent or permission to use his personal information and the fact that an eviction judgment supports the validity of the debt that cannot be collaterally attacked in this lawsuit.

AD7. Plaintiff's claims are barred in whole or in part because Plaintiff's dispute alleges legal issues (such as the affirmative defense of lack of authority or a factual determination that could only be accomplished by a direct attack against the Original Creditor regarding the validity of the debt and eviction judgment). Defendant cannot resolve such a dispute under the FCRA. At this point, only a trier of fact could establish Plaintiff's defenses to the account to avoid responsibility for the debt. However, rather than file suit against the Original Creditor to determine the validity of the debt and risk potential liability for same, Plaintiff improperly asserts a collateral attack on the validity of the debt by asserting FCRA claims against Defendant to take advantage of the leverage provided by the FCRA.

AD8. Plaintiff's claims are barred in whole or in part by Plaintiff's comparative negligence, failure to mitigate, and/or failure to provide sufficient information for Defendant to resolve the alleged dispute regarding the subject debt.

AD9. Plaintiff's claims are barred in whole or in party by the actions of third parties or intervening and superseding actions of others, including the Original Creditor and whomever used Plaintiff's information to secure the Lease at issue.

AD10. Plaintiff asserts the defense of the one satisfaction rule.

AD11. Plaintiff's claims are barred by limitations.

AD12. Even if Plaintiff proves the allegations in the Complaint, ProCollect is not liable to Plaintiff because the FDCPA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. ProCollect maintains policies, procedures and practices to investigate disputes and report accordingly and in compliance with FDCPA. Any actions or omissions resulting in the alleged FDCPA violations resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures ProCollect has adopted to avoid such actions or omissions. *See* 15 U.S.C. § 1692k(c).

AD13. Plaintiff's claims are barred in whole or in part, by Plaintiff's unclean hands or permission provided to the person who electronically signed the Lease Application.

AD14. As discovery has not been initiated and Defendant's investigation of the allegations continues, Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

## PRAYER

ProCollect requests a judgment that Plaintiff takes nothing on his claims against ProCollect and that Plaintiff's claims against ProCollect are dismissed. ProCollect prays for

such other and further relief to which it may be entitled.

                                             Respectfully submitted,

By: /s/ John W. Bowdich
      JOHN W. BOWDICH
      State Bar No. 00796233
      TODD LILES
      State Bar No. 00796956

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com
tliles@bowdichlaw.com

ATTORNEYS FOR PROCOLLECT
PROCOLLECT, INC.

### CERTIFICATE OF SERVICE

On August 12, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court, thereby providing service to all parties.

Micah S. Adkins, Esq.                            VIA ECF
THE ADKINS FIRM, P.C.
1025 Westhaven Blvd., Suite 220
Franklin, TN 37064
ATTORNEYS FOR PLAINTIFF

By: /s/ John W. Bowdich
      JOHN W. BOWDICH